## STUCKEY, Co. Treas., v. JONES et al.

No. 17293—Opinion Filed Oct. 12, 1926.

(Syllabus.)

**Banks and Banking—Invalidity of Judgment Against National Bank for Taxes Levied on Shares of Stock—Dismissal of Action Against Stockholders Based on Void Judgment.**

A judgment rendered against a national banking corporation organized under the national banking law in a suit in which the county treasurer is plaintiff and the bank is defendant, showing on its face that it is for taxes levied on the shares of stock of said bank owned by numerous individual stockholders, is without any authority or validity under the law of this state, and when such judgment is pleaded as the basis of an action for a judgment against the individual stockholders collectively, no cause of action is stated and a judgment sustaining a demurrer to the petition and dismissing the same will be affirmed.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by W. W. Stuckey, County Teasurer of Tulsa County, against F. B. Jones and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Byron Kirkpatrick, Co. Atty., and James Harrington, Asst. Co. Atty., for plaintiff in error.

Mason, Honnold, Carter & Harper, Davidson & Williams, Samuel Boorstin, Fred D. Oiler, West & Petry, and O'Meara & Silverman, for defendants in error.

BRANSON, V. C. J. The petition in error herein is attached to a transcript of a cause filed in the district court of Tulsa county, wherein W. W. Stuckey, as county treasurer of said county, sued F. B. Jones, W. H. Jones, J. W. Richardson, J. M. Hellings, David T. Beals, A. B. Chrisman, F. B. Moore, Joe Olson, L. W. Baxter, R. A. Stekoll, Wm. M. Wilson, Guaranty Income Corporation, J. H. Winemiller, Adda L. Winemiller, E. A.

Duran, A. F. Vogle, B. L. Brookins, A. T. Bailey, J. B. Levy, B. L. Shobe, Mary Kiskaddon, S. A. Anderson, Harry Madansky, since changed to Harry May, W. H. Nicely, W. V. Thraves, R. T. Winemiller, E. A. wards, Mrs. Nettie M. Castle, Paul Madansky, since changed to Paul May, H. M. Madansky, since changed to H. M. May, B. H. Madansky, since changed to Max May, H. D. Mason, and T. A. Penney. The defendants interposed separate demurrers to plaintiff's petition. The demurrers set up various and different grounds. On January 16, 1926, that being one of the regular days of the 1925 term of the district court of Tulsa county, the demurrers having been theretofore argued, the following order was made:

"Demurrer heard and sustained. Exception. Plaintiff given 15 days to amend."

Thereafter, and on the 8th day of March, 1926, an order and judgment was entered by the court reciting that the plaintiff had elected to stand on the petition and dismissing same. The only error presented here is whether or not the trial court erred in sustaining the demurrer to the petition.

The county treasurer as aforesaid pleaded in effect this: That his predecessor in office had, on the 10th day of November, 1923, secured a judgment in the district court of Tulsa county, Okla., against the American National Bank for the sum of $9,509.36, with interest, the said amount being the amount of ad valorem taxes, with interest, penalties and costs, assessed and levied against the shares of stock of said defendant, the American National Bank of Tulsa, for the fiscal year beginning July 1, 1919, and ending June 30, 1920; that the individual defendants herein were the stockholders of said bank on January 1, 1919, the date as of which the shares of stock of said bank were assessed, and that the number of shares owned by each defendant as set out in the petition were the number of shares owned by each defendant January 1, 1919. Plaintiff further pleads that the individual defendants above named are personally liable for the taxes levied and assessed as shown by the judgment obtained on November 10, 1923, made an exhibit, in the manner and proportion as the shares of the capital stock held by said defendants and each of them bore to the entire capital stock, surplus and undivided profits of said bank as of January 1, 1919. The judgment which is attached to the petition in the instant suit was as aforesaid obtained on the 10th day of November, 1923, in an action by the county treasurer of Tulsa county against the American National Bank of Tulsa, Okla., and the judgment

merely recited that the defendant was indebted to the plaintiff for the taxes assessed on the capital stock in the sum of $9,509.36. Judgment was, therefore, entered in favor of the then county treasurer against the said American National Bank for that amount, interest and costs.

It appears to be the contention of the plaintiff in the instant suit that by the force of the said judgment obtained in 1923 against the corporate entity, to wit, the bank, he has the right to a judgment in an action at law against the stockholders who held stock in said bank January 1, 1919, and against each of said stockholders individually, for that proportion of said judgment so rendered against the bank, as the respective individual stockholders' number of shares bore to the whole number of shares of stock.

The plaintiff in his brief says:

"The county treasurer instituted an action against a national bank, in order that the taxes assessed against the shares of its capital stock may be collected. This the law directs—the action is prosecuted to judgment—an execution would serve no purpose, as the judgment would not run against the assets of the judgment debtor bank, but an action is instituted by the county treasurer in his official capacity on the judgment just spoken of against the stockholders of the bank, identically as named by the bank in its rendition of its property and list of shareholders to the county assessor, as by the laws of this state required. The treasurer not only had the right, but he was required, under the laws of this state, to sue every stockholder, and he did sue them, and joined them all in an identical action, whose liability differed only as to the number of shares owned by each of said stockholders, which was purely a mathematical calculation, and the liability of each specifically set out and apportioned in the prayer of the plaintiff's petition."

The county treasurer apparently brought the suit to force the bank, as such, to pay the taxes for the fiscal year 1919-1920 which the individual shareholders were as a matter of law responsible for. The judgment so obtained against the bank and pleaded herein fails to find any sanction in the law of this state. At the time of the assessment in question section 4, chap. 107, Session Laws 1915, provided the method of levying an assessment on the property in question. A national bank, as such, was neither subject to be assessed by the assessing authorities of this state nor was it, as such subject to pay any ad valorem taxes, state or county. The well-known reason therefor is that a national bank is a federal agency authorized as a corporate entity to do such things

as the acts of the national Congress have authorized. In creating such agencies, Congress permitted the states to assess the shares of stock, and the law of this state, to which reference is made above, when properly understood, authorized the assessment of the value of the shares of stock as other personal property against the owner thereof as shown by the records of the bank. It further undertakes to require that the officers of the bank do certain acts in said statute enumerated to assist the tax-collecting officers in reducing to position the amount of revenue which each share of stock owned by each stockholder was required to pay. It is clear from the statute that dividends were not to be paid to the stockholder for any one year unless the tax due by such stockholder upon the stock had first been paid. The judgment rendered against the bank shows on its face that it was for taxes on the shares of stock. No moneys had been collected and turned over to said bank as a dividend accruing on the stock of any stockholder for payment of taxes. No moneys were held by the bank as the mere agent or trustee of the stockholder for the payment of his tax on his stock. In fact, there is nothing contained in the judgment on which the instant action is based to show that in rendering the same the court had any jurisdiction of the subject-matter. The said state statute above referred to expressly provides:

"And, if the said tax shall not be paid, the collector of taxes where said bank is located shall proceed to collect the same in the same manner in which taxes on personal property are required to be collected by this act, or by suit in the district court."

The reference contained in this provision to a suit in the district court could not mean that a suit should be instituted against the bank and judgment obtained, then a suit against all the stockholders in one action for the amount of the said judgment, but could only have reference to such suit as might be brought under other provisions of the law in aid of the collection of personal property tax. We find that the proceeding here is entirely foreign to any sanction of the statute. We feel it unnecessary to go into detail as to any particular ground of the demurrers.

Complaint is made in the brief that in "sustaining the demurrer" the trial court did not point out on what ground it was sustained, but, as we view the record presented here, the trial court was justified in sustaining the demurrer on the ground that the judgment on which the instant suit is based had no sanction in law.

Although not necessary to a determination of the question here, we deem it not amiss to state that certainly the assessment rolls, as an inchoate tax roll, and the tax roll should show the name of each of the stockholders and the amount of the tax due on his share of stock. The fact that the bank may have become insolvent did not relieve the stockholders from the liability for this tax. In its collection, if the collection be forced, the provisions of the law as to the collection of any other character of personal tax are applicable in event the bank through its officers, as directed by the statute, failed to carry out its provisions in paying the tax from dividends due or accruing to the stockholder or otherwise, and subjecting, as the statute provides, the stock itself to reimburse the bank. If these auxiliary methods in aid of collection, by the statute required of the officers of the bank, are not carried out because of the insolvency of the bank or otherwise, the officers of the law must resort to the method of collection of this character of tax the same as on any other character of personal property. It is a liability against the stockholder and can, by timely steps being taken by the officers charged with the duty of its collection, be enforced against any property owned by the taxpayer which may not be exempt therefrom. The judgment of the trial court in sustaining the demurrer to the petition is affirmed.

NICHOLSON, C. J., and PHELPS, CLARK, and RILEY, JJ., concur.